TAYLOR, J.
Appellee, Anchors Aweigh Marine, Inc., sued appellant, Remington Financial Group, Inc., alleging fraud and violation of Florida’s Deceptive and Unfair Trade Practices Act (FDUTPA) in connection with their consulting agreement. Appellant moved to compel arbitration and stay the case pending arbitration. The trial court granted the motion but ordered that the arbitration occur in Florida, instead of Arizona, although the arbitration clause provided for arbitration in Arizona and appellee did not move to strike the venue provision. Appellant seeks reversal of the portion of the order requiring that arbitration take place in Florida.
We agree with appellant that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1-16, controls over the arbitration clause at issue in the case and that the trial judge erred in unilaterally changing a portion of the arbitration provision. See BDO Seidman, LLP v. Bee, 970 So.2d 869 (Fla. 4th DCA 2007) (holding that trial court was required to enforce arbitration clause as it was written since it was not unconscionable as a whole). We affirm the portion of the trial court’s order compelling arbitration in lieu of litigation, but reverse the portion of the order requiring arbitration in Florida.
Affirmed in pari, Reversed in part, and Remanded.
MAY and LEVINE, JJ., concur.